■ In the Matter of VILLAGE OF PLEASANTVILLE, Respondent, v. LISA'S COCKTAIL LOUNGE, INC., Respondent, and STATE LIQUOR AUTHORITY et al., Appellants. — In this proceeding under section 123 of the Alcoholic Beverage Control Law (a) to annul the State Liquor Authority's approval of an application by Lisa's Cocktail Lounge, Inc., for a tavern liquor license and (b) to

direct remission of the matter to the Authority for a new hearing at which petitioner will be authorized to present testimony, the Authority and the Westchester County Alcoholic Beverage Control Board appealed from a judgment of the Supreme Court, Westchester County, dated April 25, 1972, which granted the petition to the extent of (1) remitting the matter to the Authority for a new hearing and (2) directing that petitioner shall be permitted full intervention and participation, including certain specified rights, at the new hearing. This court, by a previous decision on this appeal, affirmed the judgment, but the Court of Appeals reversed and remitted the proceeding to this court "to take such action as may be appropriate, in accordance with the accompanying memorandum" of that court (*Matter of Village of Pleasantville* v. *Lisa's Cocktail Lounge*, 40 A D 2d 679, revd. 33 N Y 2d 618). The memorandum of the Court of Appeals stated, *inter alia*: "Thus, while it may have been preferable to allow the village to participate fully in the hearing, the agency had discretion to limit the village participation as it did. Ordinarily, proceedings are brought under section 123 to review whether there is insufficient basis for the Authority grant of a liquor license. The Appellate Division, in remitting the matter to the Authority for a new hearing, did not determine whether there was a proper basis for the grant of a license. Section 123, however, is broad enough to permit the grant of a license to be challenged for any alleged illegality. In the instant case, the sole illegality alleged in the petition was the failure to permit the village full participation at the Authority hearing. It was not alleged that the grant of a license was arbitrary or that on the hearing there was an insufficient record. Having determined that the Authority was not required to permit the village full participation at the hearing, the matter should be remitted to the Appellate Division to take such action as may be appropriate." Now on the remand from the Court of Appeals, judgment of the Supreme Court, Westchester County, reversed, on the law, without costs, determination under review confirmed and petition dismissed on the merits. In view of the Court of Appeals' determination that "the sole illegality alleged in the petition was the failure to permit the village full participation at the Authority hearing" and that "It was not alleged that the grant of a license was arbitrary or that on the hearing there was an insufficient record," it is our conclusion that there is no remaining basis for sustaining the petition, in whole or in part (see *Matter of Sinacore* v. *New York State Liq. Auth.*, 21 N Y 2d 379). Martuscello, Christ and Brennan, JJ., concur; Hopkins, Acting P. J., and Shapiro, J., concur in the reversal, without costs, and in the confirmation of the determination under review, but otherwise dissent and vote for dismissal of the petition without prejudice to institution of a proper proceeding under section 123 of the Alcoholic Beverage Control Law, if petitioner be so advised.